M. T. VIGIL et al., Plaintiffs-Appellants,

v.

The UNITED STATES of America, the Department of Justice, the Department of the Interior, the Bureau of Internal Revenue, the Department of Agriculture, the Bureau of Land Management, the Civil Rights Commission, and all Commissioners of all above commissions and all agencies and unknown persons and others, corporations or otherwise having or claiming an interest in this action, Defendants-Appellees.

No. 175-69.

United States Court of Appeals, Tenth Circuit.

Aug. 27, 1970.

Charles S. Vigil, Denver, Colo., for plaintiffs-appellants.

Frank B. Friedman, Dept. of Justice, Washington, D. C. (Shiro Kashiwa, Asst. Atty. Gen., James L. Treece, U. S. Atty., James R. Richards, Asst. U. S. Atty., Denver, Colo., and Raymond N. Zagone, Dept. of Justice, Washington, D. C., were with him on the brief), for defendants-appellees.

Before HICKEY and HOLLOWAY, Circuit Judges, and EUBANKS, District Judge.

PER CURIAM.

An order of the United States District Court for the District of Colorado, 293 F.Supp. 1176, was entered on December 24, 1968, dismissing plaintiffs-appellants' complaint and action for failure to state a legally sufficient claim. Thereafter, on January 15, 1969, appellants tendered and sought leave to file an amended complaint. The motion to allow the filing was denied by order dated January 31, 1969.

On February 24, 1969, the clerk of the district court received from appellants a notice of appeal stating such appeal to be taken from the order of January 31, 1969. The United States contends the notice of appeal is faulty both as to timeliness and as an attempt to appeal from other than a final judgment.

Since the sixtieth day following December 24, 1968, fell on Saturday, February 22, 1969, we consider the notice of appeal to be timely under Fed.R. App.P. 4(a) and 26(a), if such notice is applicable to the order of dismissal. And although the notice of appeal is unambiguous and purports to appeal from the discretionary order of January 31, 1969, we think this incomplete compliance with

rule 3(c) should not result in the loss of an intended appeal on the merits. *See* Cheney v. Moler, 10 Cir., 285 F.2d 116, 118, citing State Farm Mutual Automobile Ins. Co. v. Palmer, 350 U.S. 944, 76 S.Ct. 321, 100 L.Ed. 823. We hold jurisdiction exists to consider the appeal on its merits.

The exhaustive memorandum decision of the trial court, cited supra, fully sets forth the issues and contentions of the parties pertaining to the merits. The judgment of the trial court is manifestly correct and we affirm for the reasons stated in Judge Doyle's memorandum decision.