**Helen C. WRIGHT, Plaintiff-Appellee,**

v.

**AMERICAN HOME ASSURANCE COMPANY, Defendant-Appellant.**

**No. 73–1402.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Oct. 15, 1973.

Decided Nov. 30, 1973.

Rehearing Denied Jan. 2, 1974.

---

2. This case did not involve a crop mortgage but does establish an applicable rule.

Leonard Russon, Salt Lake City, Utah, for defendant-appellant.

Reed L. Martineau, Salt Lake City, Utah, for plaintiff-appellee.

Before HILL and BARRETT, Circuit Judges, and SMITH,* District Judge.

HILL, Circuit Judge.

This action was brought in the trial court by plaintiff-appellee to recover upon a group life insurance policy covering her deceased husband. The question presented was whether the death of her husband, the insured, was within the terms and provisions of the policy issued by the defendant-appellant, which provided benefits of $50,000 for death resulting from bodily injury caused by accident.

At the conclusion of plaintiff's case both parties moved for a directed verdict. The trial court granted plaintiff-appellee's motion and denied defendant-appellant's motion. Appellant subsequently moved for a judgment notwithstanding the verdict, or in the alternative for a new trial. The motion was denied.

The appellee's husband, a pharmacist, was the manager of a Rexall Drug Store

* Honorable Talbot Smith, Eastern District of Michigan, sitting by designation.

in Springville, Utah. By virtue of his position he was eligible for and participated in the Rexall Group Accident and Accidental Death Insurance Plan, issued by the American Home Assurance Company, appellant herein.

It appears from the record that the appellee had filed for divorce shortly before the insured's death. At the same time, the insured was confronted with serious financial problems. The insured also suffered from a heavy drinking problem. Although he quit at one time, he resumed drinking some three or four months before his death and also became a heavy user of amphetamines and sleeping pills. He was found dead in his apartment on April 20, 1971. He was in bed, clothed in pajamas, his head on a pillow and the bed covers pulled over him. The chief of police, who found the deceased, saw no evidence inconsistent with the theory the deceased passed away in his sleep. The deceased's personal physician, Dr. Parker, was called to the scene, and he examined the body but was unable to determine the cause of death. Subsequently the body was sent to the Utah State Medical Examiner. Although no autopsy was performed, tests were conducted on body fluids and the external surface of the body was examined. The Utah State Medical Examiner officially declared the cause of death to be unknown.

At the trial Dr. Parker testified that the deceased was forty-eight years old and had been in good physical condition. He said the pending divorce and financial problems had placed the deceased under a heavy stress before his death. Dr. Parker testified further he did not know the cause of death but that an overdose of sleeping compounds, a stroke, or a heart attack were possibilities, the latter being the most probable. On these facts a verdict was directed for the appellee.

Appellant's notice of appeal purports to appeal from the order denying the motion for judgment notwithstanding the verdict or for a new trial in the alternative, a nonappealable order. However, incomplete compliance with F. R.App.P. 3(c) should not result in the loss of an intended appeal on the merits. State Farm Mutual Auto. Ins. Co. v. Palmer, 350 U.S. 944, 76 S.Ct. 321, 100 L.Ed. 823 (1956); Vigil v. United States, 430 F.2d 1357 (10th Cir. 1970); Cheney v. Moler, 285 F.2d 116 (10th Cir. 1960). Appellant's intention to seek review of the judgment is manifest. Both appellant and appellee briefed the merits, and the appellant's statement of issues similarly demonstrates an intent to challenge the judgment. It would be contrary to the spirit of the Federal Rules of Civil Procedure to deny appellant a decision on the merits because of a mere technicality. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). We therefore will consider the merits of the case as an intended appeal from a final judgment.

The appellant contends there was insufficient evidence to direct a verdict for the appellee, and that the motion for judgment notwithstanding the verdict should have been granted. To determine if a sufficient quantum of evidence was introduced, the insurance policy in issue must be considered.[1] A distinction exists between a suit on an insurance policy providing for stipulated benefits in the event of death, with the exception of enumerated causes, and a policy like the one in issue, which insures against death effected solely through accidental means. Beaver v. Fidelity Life Assoc., 313 F.2d 111 (10th Cir. 1963). As to the former, a plaintiff need prove only death, the burden of proving an exception being on the insurer. As to the latter, however, the burden of proof is upon those who claim under the policy to establish that injuries or death fall within the policy provisions. Crossland v. Continental Casual-

---

1. The trial court erroneously denied the admission of the insurance policy into evidence. The record shows the policy was properly offered, and we consider it as a part of the trial record before us.

ty Co., 374 F.2d 586 (10th Cir. 1967); Couch on Insurance, § 79:319.

■ The policy in issue provides indemnity payment for loss resulting from injury, and defines injury to mean: ". . . *bodily injury* causing the loss . . . directly and independently of all other causes and effected solely through an *accidental bodily injury* to the insured person." (Emphasis added). Appellee therefore had the burden of establishing her husband died as a result of a bodily injury caused by accident. Because the policy does not provide a definition of bodily injury it must be given an ordinary meaning. In common usage, "bodily injury" designates an injury caused by external violence such as a cut, a bruise or a wound. Weber v. Continental Cas. Co., 379 F.2d 729 (10th Cir. 1967); 44 Am.Jur.2d Insurance, § 1223. Appellee suggests workmen compensation cases establish a more liberal interpretation of bodily injury. But because of the broad and extended interpretation of the words under workmen compensation laws favoring the employee, these decisions are not applicable to a case involving a policy of insurance providing indemnity payments for accidental death.

Did, then, the appellee establish that her husband's death was the result of an accidental bodily injury? The appellee testified she does not know the cause of death. The deceased's personal physician examined the body and found no external bodily injuries. The Utah State Medical Examiner examined the body for lacerations, bruises and needle marks, and found none. The cause of death officially was listed as "unknown". All testimony concerning cause of death was speculative in nature. No evidence was introduced to establish an accidental death.

■ These facts convincingly establish error by the trial court in directing a verdict for the appellee. A motion for a directed verdict raises a question of law whether there is any evidence which would authorize a verdict against the defendant. Appellee presented no such evidence to the trial court. A trial court should direct a verdict only, when the facts and inferences therefrom point so strongly in favor of one party that reasonable men could not come to a different conclusion. We do not believe appellee has established this quantum of evidence. The appellant's motion for a directed verdict should have been granted.

The order directing a verdict in favor of appellee is set aside and the action is remanded with directions to enter a judgment in favor of appellant.

## ON PETITION FOR REHEARING

### PER CURIAM.

Appellee has filed a petition for rehearing and therein relies heavily on a decision of the Utah Supreme Court handed down subsequent to oral arguments and the decisional process had in this case. Elton v. Bankers Life & Cas. Co., 516 P.2d 165 (filed November 20, 1973). We did not have an opportunity to consider this case in our opinion.

*Elton* involved a suit by the beneficiary of an accident policy to recover death benefits provided in the policy. Benefits were to be paid if the insured's death was a result of "a bodily injury causing death (the loss) directly and independently of all other causes and effected solely through an accidental bodily injury." (This language is similar to that contained in the Wright policy). The deceased suffered a heart attack in 1954, a stroke in 1969, and died in 1970. The autopsy and testimony of two doctors showed death resulted from a cerebral vascular disease, aggravated by progressive arteriosclerosis. The court denied recovery, stating it was evident from the term "aggravation" that death could not have resulted from an accident directly and independently of all other causes. Through dictum, however, the court stated it would have been a different case if aggravation had not existed.

Relying upon *Elton*, appellee contends Utah law allows recovery for a heart attack where there is no evidence of a pre-existing injury. We believe *Elton* and the present case can be distinguished.

Under both policies the injury must be the sole, independent cause of death. The autopsy and doctor's testimony in *Elton* established the deceased's injuries. Wright's injuries, however, remain unknown. How can it be said that his injury was the sole, independent cause of death when the injury and the cause of death are unknown? Several theories were presented, but none was proven. Assuming a heart attack is within the terms of the policy, appellee still failed in her burden of proof.

The petition for rehearing is therefore denied.