**William Michael AVERITT,
Plaintiff-Appellee,**

v.

**SOUTHLAND MOTOR INN OF OKLA-
HOMA, d/b/a Sheraton Inn-Skyline
East Hotel and Sheraton Inns, Inc., a
Delaware corporation, Defendants-Appellants.**

**No. 81–1433.**

United States Court of Appeals,
Tenth Circuit.

Nov. 7, 1983.

Richard Gary Thomas, Dallas, Tex. (Lawrence R. Maxwell, Jr., of Maxwell, Godwin, Bennett, Thomas, Carlton & Maxwell, Dallas, Tex., and Don L. Dees, Tulsa, Okl., with him on brief), for plaintiff-appellee. ·

Roy C. Breedlove of Jones, Givens, Gotcher, Doyle & Bogan, Tulsa, Okl., for defendant-appellant Southland Motor Inn Corp. of Oklahoma.

Burck Bailey, Oklahoma, Okl. (Margaret McMorrow-Love, of Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, Okl., with him on the brief), for defendant-appellant Sheraton Inns, Inc.

Before HOLLOWAY, BARRETT and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

Defendants Sheraton Inns, Inc. and Southland Motor Inn Corporation of Oklahoma d/b/a Sheraton Inn-Skyline East Hotel (Southland) appeal from a judgment awarding punitive damages to plaintiff William Michael Averitt. Averitt brought this diversity suit against the defendants after he contracted shigella from eating at the Sheraton Inn-Skyline East Hotel in Tulsa, Oklahoma.

On March 28, 1978, Averitt stayed at the Southland and dined at the hotel restaurant. Averitt became ill the next day. After he returned home to Dallas, his condition worsened. On April 5, after suffering from diarrhea for several days, he was admitted to a hospital. He was diagnosed as having ulcerative colitis, a chronic disease of the colon. On April 4, 1978, the manager of Southland was notified of an outbreak of food poisoning among guests of the hotel. That day the Tulsa City-County Health Department secured stool cultures from the hotel's employees. These cultures indicated that a hotel employee involved in food preparation had shigella. Although there was local publicity about the shigella outbreak, the hotel made no attempt to notify Averitt or other hotel guests that they had been exposed to shigella. Averitt did not learn of his exposure until a return trip to Tulsa some time later.

Averitt brought suit against Southland on theories of negligence, strict liability, and breach of warranty, alleging that Southland sold Averitt food contaminated with shigella. Averitt also sued Sheraton Inns, Inc. on the theory that Southland was Sheraton's agent and that Sheraton was therefore responsible for Southland's torts. During trial, the plaintiff introduced into evidence health department inspection reports covering the period from January 8, 1974, to May 19, 1978. The reports indicated that Southland had committed numerous health and sanitary violations. The jury found against Sheraton and Southland and awarded the plaintiff $375,000 compensatory damages and $500,000 punitive damages. The defendants moved for a new trial challenging both the compensatory and punitive damages but then agreed with the plaintiff to pay compensatory damages and to "forego their argument on their Motion for New Trial as to compensatory damages only, and their right to appeal as to only the amount of compensatory damages." The defendants filed their notice of appeal, which provided:

"Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure, notice is hereby given that Sheraton Inn-Skyline East Hotel and Sheraton Inns, a Delaware Corporation, defendants named above, hereby appeal to the United States Court of Appeals for the Tenth Circuit from the final judgment entered in this action on the 13th day of March, 1981, insofar as that judgment relates to punitive damages."

Sheraton subsequently attempted to amend its notice of appeal to appeal from the entire judgment, but that motion was denied. Sheraton has not challenged the denial of its motion to amend the notice of appeal.

Both defendants contend that the district court erred in admitting into evidence the health department inspection reports, that the evidence did not support an award of punitive damages, and that insufficient evidence of negligence existed to support any award. Sheraton asserts that the trial court erred in submitting the issue of agency or apparent agency to the jury and that Sheraton was thus wrongly held vicariously liable for the torts of Southland.

I

In their briefs the defendants attack actions and findings of the district court that involve questions of ordinary negligence and causation, and Sheraton attacks the jury's finding that Southland was its agent or apparent agent under circumstances sufficient to impose liability on Sheraton for Southland's tort. We do not think these issues are properly before this Court. Federal Rule of Appellate Procedure 3(c) specifies that the notice of appeal "shall designate the judgment, order or part thereof appealed from." This requirement is mandatory; an appellate court has jurisdiction to review only the judgment or part of the judgment designated in the notice of appeal. *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1379 (10th Cir.1979) (supplemental opinion on reh'g); *Scaramucci v. Dresser Industries, Inc.*, 427 F.2d 1309, 1318 (10th Cir.1970). Although we construe notices of appeal liberally in order to avoid denying review of issues that the parties clearly intended to appeal, *Per-*

*ington Wholesale,* 631 F.2d at 1379; *Wright v. American Home Assurance Co.,* 488 F.2d 361, 363 (10th Cir.1973), we may not "disregard the plain requirements of the rule and read into the notice something that is not there." *Long v. Union Pacific Railroad Co.,* 206 F.2d 829, 830 (10th Cir.1953).

■ The notice of appeal clearly states that the defendants appeal the judgment against them only "insofar as that judgment relates to punitive damages." The agreement between the parties by which the defendants agreed not to appeal the issues relating to compensatory damages is further evidence of their intent to appeal only issues dealing with punitive damages. This is not a case in which the defendants are precluded from seeking review of certain issues on the basis of a "mere technicality" or a "wooden interpretation" of the notice of appeal, *Wright,* 488 F.2d at 363; *Perington Wholesale,* 631 F.2d at 1379. Here the defendants intentionally appealed only a portion of the judgment and are now attempting to appeal the entire judgment. This they cannot do. *See Bach v. Coughlin,* 508 F.2d 303, 307 (7th Cir.1974).

■ The jury verdict on the issue of compensatory damages represents a determination that the defendants breached a duty of care they owed to the plaintiff, that the breach caused the plaintiff's injury, and that Sheraton was liable for the torts of Southland because of an agency relationship. *See generally Chavez v. Sears, Roebuck & Co.,* 525 F.2d 827, 831 (10th Cir. 1975). In failing to appeal the award of compensatory damages, the defendants have left these determinations unchallenged.[1] We therefore address only whether the district court properly admitted into evidence the health department inspection reports on the issue of punitive damages,

and whether Southland's actions or omissions justify an award of punitive damages under Oklahoma law.

## II

The defendants contend that the health department inspection reports were irrelevant and therefore inadmissible. The defendants argue that the reports are irrelevant because many of the violations in the reports concerned conditions unrelated to the transmission of shigella and because many of the reports were remote in time from the incident at issue in this. They also contend that even if the reports were relevant, the prejudicial impact of the reports outweighed their probative value.

■ Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Relevant evidence is admissible unless specifically made inadmissible, Fed.R.Evid. 402, and the federal rules favor admission of evidence if the evidence has any probative value at all. *United States v. Carranco,* 551 F.2d 1197, 1200 (10th Cir.1977). The question of relevancy is a matter of discretion for the trial court. *Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp.,* 579 F.2d 561, 566 (10th Cir.1978).

■ While it is true that the violations in the reports did not directly relate to the transmission of shigella, there was testimony at trial that unsanitary conditions generally can contribute to the transmission of diseases through food. There was also testimony that when the management of a hotel or restaurant pays little attention to sanitation, the employees will have little incentive to maintain sanitary conditions.

---

1. Even if these issues are properly before us, we conclude that the record provides sufficient evidence to support the jury's conclusions. The law is settled in Oklahoma that a principal can be held liable for punitive damages based on the conduct of its agent. *See Taxicab Drivers' Local Union No. 889 v. Pittman,* 322 P.2d 159, 168 (Okl.1957); *Kurn v. Radencic,* 193 Okl. 126, 141 P.2d 580, 581 (1943); *Schuman v.*

*Chatman,* 184 Okl. 224, 86 P.2d 615, 618 (1938). We are satisfied that sufficient evidence supports the jury's verdict against Sheraton under the general agency principles set out in the trial court's order denying a new trial. *See Restatement (2d) of Agency* § 267 (1958). We are also satisfied that the record sufficiently supports the jury's verdict on the issues of negligence and causation.

Since an employee with poor personal hygiene probably transmitted the disease, the reports, which indicated a pattern of unsanitary conditions in the hotel restaurant, had probative value on issues in this case. Perhaps more important, the information in the reports indicates that the management of Southland had notice of the unsanitary conditions in the restaurant. Reports of previous complaints to a defendant are relevant in a negligence action to show the defendant's knowledge of a condition. *See McGrath v. Wallace Murray Corp.,* 496 F.2d 299, 304 (10th Cir.1974); *Julander v. Ford Motor Co.,* 488 F.2d 839, 846 (10th Cir.1973).

■ We also find no merit in the defendants' contention that the reports were too remote in time to be relevant. They claim that some of the inspections occurred before Sheraton and Southland entered into an agency relationship. But the record contradicts this contention. The first inspection report admitted into evidence was dated January 8, 1974; Southland and Sheraton executed a licensing agreement on December 4, 1972. Even if the management of the hotel changed during the period covered by the reports, it does not relieve Southland of liability for the conditions in the hotel. The issue of remoteness of evidence is within the discretion of the trial judge. *Keyes v. School District No. 1,* 521 F.2d 465, 473 (10th Cir.1975), *cert. denied,* 423 U.S. 1066, 96 S.Ct. 806, 46 L.Ed.2d 657 (1976). We find no abuse of discretion in the district court's admission of the evidence.

The trial court did not abuse its discretion in concluding that the probative value of the evidence outweighed its potential for unfair prejudice. *See Texas Eastern Transmission Corp.,* 579 F.2d at 567. The defendants produced no evidence that admission of the reports inflamed the jury's passions or diverted the jury's attention from the true issue in the case—the negligence of the defendants with respect to the transmission of shigella. We noted in *Rigby v. Beech Aircraft Co.,* 548 F.2d 288, 293 (10th Cir. 1977):

"The task of balancing the probative value of evidence against danger of confu-

sion of the issues is one for which the trial judge, because of his familiarity with the full array of evidence in the case, is particularly suited."

Finally, we note that the evidence was not inadmissible under Federal Rule of Evidence 404(b), which restricts the admissibility of evidence of other acts to prove character. The evidence was not admitted to show that the defendants acted in conformity with their character; the evidence was admitted to show that the defendant Southland knew of the conditions in the restaurant. *See McGrath,* 496 F.2d at 304; *Julander,* 488 F.2d at 846.

### III

■ Punitive damages are recoverable under Oklahoma law "[i]n any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed." Okla.Stat. tit. 23, § 9. Punitive damages are also recoverable when a defendant has been guilty of gross negligence that indicates a reckless disregard for the rights of others. *Sunray DX Oil Co. v. Brown,* 477 P.2d 67, 70 (Okl.1970); *Taxicab Drivers' Local Union No. 889 v. Pittman,* 322 P.2d 159, 168 (Okl.1957); *White v. B.K. Trucking Co., Inc.,* 405 F.Supp. 1068, 1070 (W.D.Okl.1975). Whether punitive damages should be awarded is a question for the jury. "Only where there is no evidence whatsoever that would give rise to an inference of actual malice or conduct deemed equivalent to actual malice may a trial court refuse to submit an exemplary damage instruction to the jury." *Sopkin v. Premier Pontiac, Inc.,* 539 P.2d 1393, 1397 (Okl.App.1975); *accord Chavez v. Sears, Roebuck & Co.,* 525 F.2d 827, 829–30 (10th Cir.1975); *Amoco Pipeline Co. v. Montgomery,* 487 F.Supp. 1268, 1272 (W.D.Okl.1980).

■ The defendants contend that the plaintiff introduced insufficient evidence that Southland was grossly negligent to justify submitting the question of punitive damages to the jury. We disagree. The plaintiff introduced evidence that Southland had repeatedly violated health department regulations by permitting unsanitary conditions to exist in the restaurant. The

plaintiff also introduced evidence that Southland took no steps to notify guests of the hotel that they had been exposed to shigella, apparently because Southland feared that the publicity would hurt its business. We believe that this evidence justifies submitting the issue to the jury and that the jury could have found that Southland acted in reckless and conscious disregard for the rights of the plaintiff.

AFFIRMED.