47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Debra S. LYNCH, Plaintiff-Appellee, Cross-Appellant,
v.
Betty J. McFARLAND, and Charles L. McFarland,
Defendants-Appellants, Cross-Appellees.
 Nos. 93-6109, 93-6170.
 United States Court of Appeals, Sixth Circuit.
 Jan. 6, 1995.
 
 On Appeal from the United States District Court for the Western District of Kentucky, No. 90-00020; John G. Heyburn, II, Judge.
 W.D.Ky.
 REMANDED.
 Before: KENNEDY, WELLFORD and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This matter comes before us on an appeal and cross-appeal from designated portions of orders entered by the district court in an action for damages arising out of a boating accident. Subject matter jurisdiction was predicated on diversity of citizenship and the amount in controversy, and the plaintiff sought to invoke admiralty jurisdiction as well.
 
 
 2
 The defendants have appealed from portions of an order holding that two of the plaintiff's claims are not barred by Kentucky's one-year statute of limitations for personal injury actions. The plaintiff has appealed from a portion of an order rejecting a magistrate's recommendation that admiralty jurisdiction be exercised and dismissing the plaintiff's admiralty claim for want of jurisdiction.
 
 
 3
 Subject only to appeal on the statute of limitations and admiralty jurisdiction issues, the parties stipulated in the district court that the defendants are liable to the plaintiff for damages in the liquidated amount of $50,000. The defendants' insurance carrier has paid that sum into the registry of the court. The parties have further stipulated that if this court should hold that the plaintiff's claims must be dismissed in their entirety on statute of limitations grounds and that the district court lacked admiralty jurisdiction, the money will be returned to the insurance company. If, on the other hand, this court should hold that the plaintiff's claims not be dismissed, the money will be paid to the plaintiff and her attorney in complete satisfaction of all claims arising from the accident. The district court entered an order on July 21, 1993, approving the stipulation and making final and appealable the orders in which the court had previously disposed of the statute of limitations and admiralty jurisdiction issues only.
 
 
 4
 One of the claims asserted by the plaintiff in an amended complaint, but not asserted in the original complaint, was a claim for "extreme and outrageous conduct" that was alleged to have caused the plaintiff to suffer "severe emotional distress as well as bodily harm and other loss...." In a memorandum opinion and order entered on June 12, 1990, the district court ruled that the outrageous conduct claim was timely filed because, under Craft v. Rice, 671 S.W.2d 247 (Ky.1984), such a claim is governed by Kentucky's five-year statute of limitations. (The five-year statute is now found at K.R.S. 413.120(6).) The court also ruled that a personal injury claim asserted by the plaintiff under K.R.S. 235.240 and 235.300 is governed by the five-year limitations period prescribed by K.R.S. 413.120(2) for actions upon a liability created by statute, rather than the one-year limitations period prescribed by K.R.S. 413.140(1) for personal injury actions.
 
 
 5
 Although the defendants appealed from both of the adverse rulings on the statute of limitations issues, their appellate brief now concedes that "the five-year statute of limitations applies to tort of outrage claims." This concession, we believe, makes it unnecessary for us to decide what statute of limitations governs the plaintiff's claims under K.R.S. 235.240 and 235.300, and likewise makes it unnecessary for us to decide the question of admiralty jurisdiction. The plaintiff having asserted an outrageous conduct claim under the court's diversity jurisdiction, and the defendants having conceded liability subject only to appeal from (1) a ruling on admiralty jurisdiction that has nothing to do with the outrageous conduct claim and (2) statute of limitations rulings now conceded to have been correct insofar as the outrageous conduct claim is concerned, there is no way in which this court could possibly hold that (to quote the stipulation) "the Plaintiff's claims and her Amended Complaint against the Defendants should be dismissed in their entirety on the grounds that they are completely barred by the applicable statute(s) of limitations...."
 
 
 6
 The defendants tell us in their opening brief that "[t]he district court improperly ruled against the [defendants'] Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), for [the plaintiff's] failure to state a claim in her Amended Complaint allegint the tort of outrage." As we read the record, however, the district court never had occasion to decide whether the plaintiff's outrageous conduct claim was subject to dismissal under Rule 12(b)(6).
 
 
 7
 What happened, as we understand it, was this. On January 22, 1990, the plaintiff filed a complaint that did not include a claim based on outrageous conduct. On February 20, 1990, the defendants moved to dismiss the complaint on jurisdictional and statute of limitations grounds and for failure to state a claim upon which relief could be granted. On March 15, 1990, the plaintiff moved for leave to amend her complaint and tendered an amended complaint adding, among other things, a claim based on outrageous conduct. The defendants filed a responsive brief in which they argued that the outrageous conduct claim would be barred by the one-year statute of limitations because the plaintiff was still seeking damages for personal injuries. The district court rejected this argument in its memorandum and order of June 12, 1990, whereupon the amended complaint was accepted for filing.
 
 
 8
 The defendants then filed an answer in which they denied the outrageous conduct allegations and pleaded affirmatively that the amended complaint failed to state a claim upon which relief could be granted. Although Rule 12(b)(6) gave the defendants the option of filing a motion to dismiss the outrageous conduct claim as legally insufficient, they never filed such a motion. The liability issue was ultimately settled, and the $50,000 was paid into the registry, without the district court having decided whether the outrageous conduct claim asserted in the amended complaint was one upon which relief could be granted.
 
 
 9
 The defendants filed their notice of appeal on August 16, 1993, stating that they were appealing a "portion" of the order entered by the district court on June 12, 1990. "The portion [sic] of that order appealed from," the notice continued, "are those which hold (1) that all of plaintiff's claims are not barred by KRS 413.140 which requires an action for injury to the plaintiff to be brought in one year from date [of] injury; and (2) that all of the claims of the plaintiff are not governed by KRS 413.140 including the claims of extreme and outrageous conduct, recklessness/willful, wanton conduct and the statutory claims asserted by the plaintiff under KRS 235.300 et seq." In no portion of the order entered by the district court on June 12, 1990, did the court rule on the legal sufficiency of the plaintiff's claim for outrageous conduct--and the defendants obviously did not appeal from any such ruling.
 
 
 10
 In their appellate briefs, the defendants argue that the district court erred in allowing the plaintiff to bring a "tort of outrage" claim against the defendants because the plaintiff failed to plead any facts entitling her to recover on such a claim. As we have seen, however, the district court merely held that the tort of outrage is governed by a five-year statute of limitations. The district court did not address the question whether the plaintiff had stated an outrage claim upon which relief could be granted.
 
 
 11
 Even if the district court had held that the outrage claim pleaded in the amended complaint was one on which relief could be granted, this court would have no jurisdiction to consider a holding to that effect under a notice of appeal limited--as the defendants' notice was limited--to portions of the district court's order dealing only with statute of limitations questions. Rule 3(c), Fed.R.App.P., provides that a notice of appeal "must designate the judgment, order, or part thereof appealed from." (Emphasis supplied.) This requirement is mandatory, and an appellate court has jurisdiction to review only the judgment, or the portion of the judgment, designated in the notice of appeal. Averitt v. Southland Motor Inn of Oklahoma, 720 F.2d 1178, 1180 (10th Cir.1983).
 
 
 12
 The plaintiff has not raised the issue of our jurisdiction to decide whether the outrageous conduct claim pleaded in her amended complaint could have withstood a motion to dismiss under Rule 12(b)(6). The plaintiff seems to have accepted without question the defendants' representation that the district court decided a Rule 12(b)(6) motion directed to the outrageous conduct claim, and the plaintiff seems to have assumed the adequacy of a notice of appeal limited to rulings on statute of limitations questions. Where lack of appellate jurisdiction is manifest on the face of the record, however, we are not entitled to shut our eyes to that fact. The parties cannot clothe us with jurisdiction by agreement--and it seems clear to us that we simply have no jurisdiction to decide, in the first instance, whether the plaintiff's amended complaint states a justiciable claim for outrageous conduct.
 
 
 13
 On the record as it now stands, it appears to us that the plaintiff and her attorney are entitled to be paid the deposited sum of $50,000 and any interest that may have accrued thereof. Accordingly, and for all of the reasons stated herein, this case is REMANDED to the district court for further proceedings not inconsistent with this opinion.
 
 Nos. 93-6109/6170; Lynch v. McFarland
 HARRY W. WELLFORD, Circuit Judge, concurring:
 
 14
 I am compelled to concur in Judge Nelson's opinion, despite my reservations that plaintiff stated a viable or timely cause of action against defendants. Our hands are tied, however, because the defendants' notice of appeal limits the basis for appeal to the Kentucky statute defining "actions to be brought within one year," K.R.S. Sec. 413.140. Although both parties have briefed the merits of the tort of outrage claim, the defendants failed to include it as an issue in the notice of appeal. As we stated in Wilson v. Firestone Tire & Rubber Co., 932 F.2d 510 (6th Cir.1991), "[i]f an appellant chooses to designate specific determinations in his notice of appeal--rather than simply appealing from the entire judgment--only the specified issues may be raised on appeal."
 
 
 15
 Thus, the defendants are left with an appeal on the issues they requested: jurisdiction and statute of limitations. Defendants had stipulated that plaintiff would receive the $50,000 deposited in the court registry unless her complaint "should be dismissed in their entirety on the grounds that they are completely barred by the applicable statute[s] of limitations and that the U.S. District Court lacked admiralty jurisdiction." Because their stipulation limits their appeal to statute of limitations issues, and because defendants conceded that the five-year statute of limitations applies to the outrageous conduct claim, they, unfortunately, have no basis to challenge the award to plaintiff.
 
 
 16
 I join in the remand to the district court, accordingly.