81 F.3d 172
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rosemary HILL, Plaintiff-Appellant,
v.
COMMERCIAL UNION INSURANCE COMPANY, Defendant-Appellee.
 No. 95-3182.
 United States Court of Appeals, Tenth Circuit.
 April 1, 1996.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Rosemary Hill brought suit in the district court claiming violations of several federal and state anti-discrimination statutes and intentional infliction of emotional distress. The district court granted summary judgment in favor of defendant finding, inter alia, that plaintiff's complaint was time barred because she brought suit more than ninety days after her receipt of an EEOC letter of determination. Appellant's App. at 70. This conclusion is the sole assignment of error raised by plaintiff on appeal.
 
 
 3
 We first address defendant's contention regarding the scope of our review. In her notice of appeal, plaintiff stated that the issue she desired to have reviewed was "[w]hether the Court erred when it denied Plaintiff's Motion for Reconsideration as it related to the granting of Respondent's Motion for Summary Judgment." Docketing Statement at 3. Defendant argues that this court is therefore limited to determining the propriety of the order denying the motion to reconsider and that we may not review the grant of summary judgment.
 
 
 4
 It is true that Federal Rule of Appellate Procedure 3(c) requires a notice of appeal to "designate the judgment, order, or part thereof appealed from." Fed. R.App. P. 3(c). "However, incomplete compliance with F[ed]. R.App. P. 3(c) should not result in the loss of an intended appeal on the merits." Wright v. American Home Assurance Co., 488 F.2d 361, 363 (10th Cir.1973). Here, as in Wright, plaintiff clearly intended to seek review of the summary judgment. Both parties briefed the merits, and plaintiff's designation in her notice of appeal relates the motion for reconsideration to the grant of summary judgment. "It would be contrary to the spirit of the Federal Rules of Civil Procedure to deny [plaintiff] a decision on the merits because of a mere technicality." Id. Notices of appeal are construed liberally to afford review of issues the parties clearly intended to appeal. Averitt v. Southland Motor Inn, 720 F.2d 1178, 1180 (10th Cir.1983). Plaintiff will not be denied review on such a "wooden interpretation" of the Rules. See id. at 1181.
 
 
 5
 Summary judgment is appropriate where "there is no genuine issue as to any material fact," Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986), and "the moving party is entitled to a judgment as a matter of law," Fed.R.Civ.P. 56(c). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who "may not rest on mere allegation or denials of [her] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). We review the grant of summary judgment de novo using the same legal standard as the district court. Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir.1995).
 
 
 6
 After the EEOC terminated plaintiff's proceeding, she had ninety days from the date she received the EEOC letter of determination in which to bring a civil suit. See 29 U.S.C. 626(e). Plaintiff filed her unverified complaint on May 12, 1994.
 
 
 7
 In its motion for summary judgment, defendant set forth a statement of facts including that
 
 
 8
 [o]n September 29, 1992, the EEOC mailed its Determination to Hill, by certified mail, addressed to Rosemary Hill at 6024 Cleveland, Kansas City, Kansas 66104.... The Determination was sent to Hill's last known address, the same address at which she lived when she filed the charge and the same address at which, according to her Complaint, she currently resides.
 
 
 9
 Appellant's App. at 29. Because plaintiff failed to provide affidavits, discovery records, or any deposition testimony to support her opposition to the motion for summary judgment, the district court properly accepted defendant's statement of facts as uncontroverted.
 
 
 10
 Evidence of proper mailing raises a presumption of due receipt by the addressee. See Moya v. United States, 35 F.3d 501, 504 (10th Cir.1994); Nikwei v. Ross Sch. of Aviation, Inc., 822 F.2d 939, 941 (10th Cir.1987). In light of the evidence that the EEOC letter of determination was dated September 29, 1992, that a certified postal receipt was also dated on September 29, 1992, that the letter was properly addressed to plaintiff, and that there was no evidence that it was returned as undeliverable, the district court concluded that plaintiff's ADEA claim was untimely because it was not brought within ninety days of the presumed receipt of the letter of determination by plaintiff.
 
 
 11
 On appeal, plaintiff argues that the district court erroneously shifted the burden of proof to her to prove nonreceipt. Plaintiff misunderstands her obligation in resisting a properly supported motion for summary judgment.
 
 
 12
 Plaintiff believes that defendant had to negate her allegation of nonreceipt. This is incorrect. There is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." Celotex, 477 U.S. at 323. Once the moving party makes a properly supported motion for summary judgment, "the nonmoving party [must] go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Id. at 324 (quoting Fed.R.Civ.P. 56(e)). Thus, contrary to plaintiff's view, once defendant supported its motion for summary judgment by showing facts establishing the presumed delivery of the EEOC letter, it was plaintiff's responsibility to advance facts rebutting that presumption. Because plaintiff did not come forward with any kind of evidence on this matter, summary judgment was not only proper on this issue, it was mandated by law.
 
 
 13
 After the entry of summary judgment against her, plaintiff filed a motion for reconsideration to which she appended three affidavits, not hitherto before the district court, to support her contention that she received no mail from the EEOC on or around September 1992.[2] The motion was denied by the district court.
 
 
 14
 "A postjudgment motion to reconsider summary judgment based on subsequently produced evidence is treated as a motion to alter or amend the judgment under Fed R. Civ. P. 59(e). We evaluate the district court's ruling on the Rule 59(e) motion for an abuse of discretion." Webber v. Mefford, 43 F.3d 1340, 1345 (10th Cir.1994) (citations omitted). Because plaintiff failed to show either that the evidence was newly discovered or that, if the evidence was available at the time summary judgment was granted, her counsel made a diligent yet unsuccessful attempt to discover it, the district court properly denied the motion. Id.
 
 
 15
 The judgments of the district court granting defendant's motion for summary judgment and denying plaintiff's motion for reconsideration are AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 The record on appeal contains only two affidavits; the one apparently offered by plaintiff herself has been omitted