83 F.3d 431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Linda D. BRYSON, Plaintiff-Appellant-Cross-Appellee,
v.
VOLKSWAGEN OF AMERICA, INC., a New Jersey corporation,
Defendant-Appellee-Cross-Appellant.
 Nos. 94-1542, 94-1562.
 United States Court of Appeals, Tenth Circuit.
 April 22, 1996.
 
 ORDER AND JUDGMENT[1]
 Before KELLY and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 KELLY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Plaintiff's motion to present oral argument is therefore denied and the case is ordered submitted on the briefs.
 
 
 2
 These appeals arise from a product liability action tried to a jury, which rendered a verdict for defendant. Plaintiff moved for a new trial, which was denied, and then filed an appeal (No. 94-1542).[2] Defendant filed a cross-appeal (No. 94-1562), raising various evidentiary issues as a precaution should the case be remanded for retrial. We affirm the judgment entered in defendant's favor and dismiss defendant's cross-appeal as moot.
 
 
 3
 In her opening brief, plaintiff states that "[o]nly one issue is presented for review: Did the district court err in excluding testimony and evidence concerning prior knowledge of a defective product on the part of Defendant Volkswagen of America?" Plaintiff-Appellant's Opening Br. at 1. Plaintiff refers to a district court ruling prohibiting her from introducing and eliciting testimony on certain exhibits that the court held inadmissible because they were "totally unverified." Id. at 10. Although plaintiff discusses at length the critical nature of such evidence for her case, defendant correctly points out that she never offers any challenge to the legal basis for exclusion. Under the circumstances, we find no abuse of the district court's discretion over such evidentiary matters. See generally Cartier v. Jackson, 59 F.3d 1046, 1048 (10th Cir.1995); United States v. Rice, 52 F.3d 843, 847 (10th Cir.1995).
 
 
 4
 In her "Response to The Appellees Cross Brief," plaintiff, now pro se, raises a multitude of new objections, including ineffective assistance of counsel, improper withdrawal of counsel, veiled racial insults by opposing counsel, judicial acquiescence in a "cover up," etc., which are totally inappropriate procedurally and/or substantively. Further comment on this ill-advised pleading is not warranted.
 
 
 5
 As noted, defendant's cross-appeal raises issues pertinent only in the event of a new trial. Accordingly, our disposition of plaintiff's appeal obviates consideration of the cross-appeal, which we dismiss as moot.
 
 
 6
 The judgment of the United States District Court for the District of Colorado is AFFIRMED on appeal No. 94-1542. We DISMISS cross-appeal No. 94-1562 as moot, and deny all pending motions.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 Defendant's motions to dismiss this appeal are unpersuasive. The first notes plaintiff mistakenly designated the order denying a new trial, not the underlying judgment, in the notice of appeal. We have on numerous occasions acknowledged the intent behind similar mis-designations and reviewed the underlying judgment. See, e.g., Artes-Roy v. City of Aspen, 31 F.3d 958, 961 n. 5 (10th Cir.1994); Grubb v. FDIC, 868 F.2d 1151, 1154 n. 4 (10th Cir.1989); Wright v. American Home Assurance Co., 488 F.2d 361, 363 (10th Cir.1973). The second seeks dismissal for plaintiff's failure to file a cost bond pursuant to Fed. R.App. P. 7, which defendant is also attempting to enforce by contempt proceeding in the district court. Defendant has not cited any case in which present Rule 7, "completely rewritten in 1979," 16 Charles Allan Wright et al., Federal Practice and Procedure 3953 at 704 (1995 Supp.), was relied on to dismiss an appeal; nor has it cited any case disregarding 10th Cir. R. 27.2.1, which does not include cost bonds in its list of grounds for dismissal. We elect to reach the merits of the appeal and deny the motion to dismiss as moot. See Perry v. Pogemiller, 16 F.3d 138, 139 n. 1 (7th Cir.1993)