**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 3, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RAMONA GREEN,

  Plaintiff-Appellant,

v.

AUTO PRO OF OKLAHOMA LLC;
RON HOKETT; CITY OF BETHANY,
a political subdivision, JAY COFFEY;
CITY OF OKLAHOMA CITY,

  Defendants-Appellees.

No. 08-6228
(D.C. No. 5:08-CV-00020-HE)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **HOLLOWAY**, and **EBEL**, Circuit Judges.

---

Plaintiff appellant Ramona Green appeals the district court's dismissal,

under Fed. R. Civ. P. 12(b)(6), of her 42 U.S.C. § 1983 claims against defendants.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

On October 11, 2005, Ms. Green purchased a 1993 Infiniti from defendant Auto Pro and used her 1990 Cadillac as a trade-in. She soon decided that the Infiniti was a lemon and, according to her, convinced defendant Ron Hokett, an associate of Auto Pro, to rescind the deal. She returned the Infiniti to the Auto Pro lot with a rescission letter and reclaimed the Cadillac.

Mr. Hokett then filed a complaint with the City of Bethany, Oklahoma, reporting that the Cadillac had been stolen. The City reported the complaint to the National Crime Information Center (NCIC) database.

Some time later, Ms. Green, while driving the Cadillac, noticed that she was being followed by two men in a Crown Victoria. Meanwhile, police dispatch had informed defendant Jay Coffey, an Oklahoma City police officer, that an individual was following a 1990 Cadillac that he had previously reported stolen. The dispatcher also told Officer Coffey that the NCIC had noted the possibility that the driver of the Cadillac may be the vehicle's original owner who had earlier traded it in. Officer Coffey then proceeded to overtake the vehicles.

Eventually all three parties, Ms. Green, Officer Coffey, and Mr. Hokett, in the Crown Victoria, entered a parking lot where Officer Coffey pulled Ms. Green over and exited his patrol car. He and another officer handcuffed Ms. Green and arrested her, explaining that the car she was driving had been reported stolen. While in the squad car, Mr. Green explained her side of the story and identified

for Officer Coffey a duplicate title she had in her possession as well as a copy of the rescission letter she had left for Mr. Hokett. Officer Coffey examined the title and noted that it was a duplicate issued on October 26, 2005.

Officer Coffey then interviewed Mr. Hokett who told him that Ms. Green had purchased a 1993 Infiniti from him, using her 1990 Cadillac as a trade in. He said that she had signed the original title over to him but later returned the Infiniti and took the Cadillac. Officer Coffey then returned the Cadillac and its keys to Mr. Hokett and took Ms. Green to jail where she was detained. She was released the next day, and the district attorney declined to press charges.

In state court, Ms. Green brought § 1983 claims, a consumer-protection claim, and various state-law tort claims against defendants Auto Pro, Mr. Ron Hokett, the City of Bethany, the City of Oklahoma City (OKC), and Officer Coffey. The § 1983 claims consisted of a Fourth Amendment claim of illegal seizure resulting from her arrest and detention and a Fourteenth Amendment claim of unconstitutional deprivation of property. Defendants removed the case to federal court where the district court granted motions to dismiss from OKC, Officer Coffey, and the City of Bethany.

The district court issued three relevant orders for purposes of this appeal. In the first, the district court ruled that Ms. Green's complaint failed to state a claim under either the Fourth or the Fourteenth Amendments. The Fourth Amendment claim of illegal seizure failed because Officer Coffey had probable

cause to arrest Ms. Green. The Fourteenth Amendment claim of unconstitutional deprivation of personal property failed because the complaint alleged, at most, the negligent act of an official causing unintended loss of property, an allegation inadequate to implicate the due process clause of the Fourteenth Amendment. The district court therefore granted Officer Coffey's motion to dismiss but granted Ms. Green leave to amend her complaint.

On June 3, 2008, the court granted Officer Coffey's renewed motion to dismiss and ruled that, because there was no constitutional violation by Officer Coffey, there was no liability for OKC, thus mooting the City's motion to dismiss.[1] In the June 3, 2008, order, Ms. Green was again granted leave to amend, this time with respect to her claims against the City of Bethany. On September 16, 2008, the district court granted the City of Bethany's motion to dismiss.

## II. DISCUSSION

### A. Appellate jurisdiction over OKC

Before we address the merits, we need to consider appellee OKC's contention that we lack jurisdiction over it because Ms. Green's notice of appeal lists only the September 16, 2008, order which did not address the claims against OKC, those having already been dismissed, and disposed only of the City of

---

[1] Ms. Green filed a notice of appeal from this order but voluntarily dismissed her appeal after this court informed her that the appeal was premature.

Bethany's motion to dismiss. In support of this argument, OKC cites *Hubbert v. City of Moore*, 923 F.2d 769 (10th Cir. 1991), and *Laidley v. McClain*, 914 F.2d 1386 (10th Cir. 1990), *superseded by Rule as recognized in Dodger's Bar & Grill, Inc. v. Johnson County Bd. of County Comm'rs*, 32 F.3d 1436, 1440 (10th Cir. 1994). Those cases, however, are inapposite because they deal with the omission of party names in a notice of appeal and, as noted, *Laidley* has been superseded by amendment to Fed. R. App. P 3(c).

In addition to specifying the party or parties taking the appeal, Fed. R. App. P. 3(c) requires that a notice of appeal "designate the judgment, order, or part thereof being appealed." The requirement is mandatory. *Averitt v. Southland Motor Inn*, 720 F.2d 1178, 1180 (10th Cir. 1983). As noted, the district court entered an order on June 6, 2008, dismissing the claims against OKC and Officer Coffey. Ms. Green filed a premature notice of appeal of that order, but later voluntarily dismissed the appeal under Fed. R. App. P. 42(b). In her motion to dismiss, Ms. Green alternatively asked that this court "Stay Completion of Filing Her Initial Appellate Documents pending a decision regarding the City of Bethany in the District Court."

Ms. Green's second notice of appeal, filed on October 14, 2008, appealed "from the final judgment entered in this action on the 14th day of September, 2008." The September 14, 2008, order dealt only with dismissal of the City of Bethany. That order, however, was a final and appealable order, and the notice of

appeal relative to it permits this court to review claims of error in the earlier interlocutory orders in the same case. *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1382 n.7 (10th Cir. 1994). "'A notice of appeal that names the final judgment is sufficient to support review of all earlier orders that merge in the final judgment under the general rule that appeal from a final judgment supports review of all earlier interlocutory orders.'" *Id.* (quoting 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3949 at 440 (Supp. 1994)). Accordingly, we have jurisdiction over the June 3, 2008, order dismissing the claims against OKC.

**B. Dismissal of Claims against OKC and the City of Bethany**

The fact that we have jurisdiction over the June 3, 2008, order dismissing Ms. Green's claims against OKC, however, does not mean that we will review the merits of that ruling. Other than a cursory sentence stating that she should have been allowed to conduct discovery of the City's training policies and her charge that the district court erred by "granting a de facto dismissal to the City of Oklahoma City," Aplt. Br. at 11, Ms. Green makes no substantive legal argument regarding the district court's dismissal of her claims against OKC. Her brief similarly fails to include argument regarding the dismissal of claims against the City of Bethany. Ms. Green has therefore waived any consideration of the dismissal of OKC and the City of Bethany on appeal. *Bledsoe v. Garcia*, 742 F.2d 1237, 1244 (10th Cir. 1984).

## C. Dismissal of Claims against Officer Coffey

Our review of dismissals under Rule 12(b)(6) is de novo. *Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2377 (2009). All well-pleaded factual allegations in a complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Id.* "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id.* (quotation omitted).

The district court held that Ms. Green's claims against Officer Coffey failed because the facts as pleaded did not state a violation under either the Fourth Amendment or the Fourteenth Amendment. We agree.

As to the Fourth Amendment claim,

> [w]e analyze the constitutionality of a warrantless arrest under the probable cause standard. A police officer may arrest a person without a warrant if he has probable cause to believe that person committed a crime. Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense.

*Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) (citations and quotation omitted). In order to establish probable cause for a warrantless arrest, officers must "reasonably interview witnesses readily available at the scene, investigate

-7-

basic evidence, or otherwise inquire if a crime has been committed at all." *Id.* at 1476-77. Officer Coffey had probable cause to arrest Ms. Green. He had a report from the police dispatcher that the NCIC listed the Cadillac as having been stolen in Bethany and that the driver may be the vehicle's original owner. Officer Coffey interviewed both Ms. Green and Mr. Hokett at the scene and examined the duplicate title presented to him by Ms. Green, noting that it was issued after the Cadillac had been traded in. He also reviewed the copy of the rescission letter regarding the matter. Taken together, this information provided ample probable cause for arrest, and the district court correctly determined that Ms. Green failed to establish a Fourth Amendment violation.

Turning to her Fourteenth Amendment claim, Ms. Green's complaint states, at most, a negligent deprivation of her personal property. She has therefore failed to state a Fourteenth Amendment due process violation, and dismissal of this claim was also proper. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986).

**D. Conclusion**

The judgment of the district court is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge

-8-