ELFMAN MOTORS, INC., Appellant,

v.

CHRYSLER CORPORATION, Chrysler
Motors Corporation, and Chrysler
Leasing Corporation.

No. 77–2303.

United States Court of Appeals,
Third Circuit.

Submitted Dec. 5, 1977.

Decided Dec. 19, 1977.

David Berger, Warren D. Mulloy, Steven
M. Kramer, Berger & Montague, Philadel-
phia, Pa., for appellant.

Oliver C. Biddle, Ballard, Spahr, Andrews
& Ingersoll, Philadelphia, Pa., for appellees,
Chrysler Financial Corp. and Chrysler Cred-
it Corp.

Robert S. Ryan, Drinker, Biddle & Reath,
Philadelphia, Pa., for appellees, Chrysler
Corp., Chrysler Motors Corp., Chrysler
Leasing Corp. and Chrysler Realty Corp.

Before WEIS and MARIS, Circuit
Judges.

## OPINION

PER CURIAM:

This is a suit brought by Elfman Motors, Inc. (herein Elfman) in the District Court for the Eastern District of Pennsylvania against Chrysler Corporation (herein Chrysler), Chrysler Motors Corporation (herein Motors), Chrysler Leasing Corporation (herein Leasing), Chrysler Financial Corporation (herein Financial), Chrysler Credit Corporation (herein Credit), and Chrysler Realty Corporation (herein Realty). On September 20, 1976, summary judgment was entered in favor of Financial and Credit on all counts of the complaint. Trial as to the remaining defendants began in February 1977. On February 28 the district court directed a verdict in favor of those defendants on certain of the claims asserted by Elfman in the complaint and the trial continued as to the remaining claims. The jury rendered its verdict against Chrysler and in favor of the remaining defendants, on which verdict judgment was entered on March 9, 1977. Motions for judgment n. o. v. and for a new trial were then made by Chrysler and on August 9, 1977 the district court granted Chrysler's motion for judgment n. o. v. On August 19, 1977, Chrysler's motion for a new trial was granted to be effective only in case the judgment n. o. v. was reversed on appeal.

Elfman filed a notice of appeal on September 1, 1977. Its caption indicated as the parties involved Elfman as plaintiff and Chrysler, Motors and Leasing as defendants. Financial and Credit were not referred to in the caption or otherwise as parties and they were not served with copies of the notice of appeal by counsel for Elfman, the appellant, who served copies only on counsel for Chrysler, Motors and Leasing. The notice itself stated that the appeal was

"from the Orders of the District Court granting defendant Chrysler Corpora-

tion's Motion for Judgment Notwithstanding the Verdict, dated August 9, 1977, granting in part defendants Chrysler Corporation, Chrysler Motors Corporation and Chrysler Credit Corporation's[1] Motion for a Directed Verdict, dated February 28, 1977, and granting Chrysler Corporation's Motion for a New Trial, dated August 9, 1977."

However, in its subsequently filed Designation of Issues for Appeal and Designation of the Appendix Elfman mentioned the summary judgment entered in favor of Financial and Credit on September 20, 1976. Thereafter Financial and Credit filed a joint motion to dismiss the appeal as to them upon the ground that the notice of appeal does not designate the summary judgment entered in their favor. Chrysler, Motors, Leasing and Realty have filed a response to the motion stating that they do not contest it. Elfman has filed a memorandum in opposition and the motion is now before us for disposition.

■■■ The motion must be granted. 28 U.S.C. § 2107 provides with exceptions not here material that

"no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree."

Thus the jurisdiction of the court of appeals is invoked by the filing of a notice of appeal. *Donovan v. Esso Shipping Company,* 259 F.2d 65, 68 (3d Cir. 1958), *cert. denied,* 359 U.S. 907, 79 S.Ct. 583, 3 L.Ed.2d 572 (1959). It is, of course, true that since, except in certain types of cases, only a final judgment or order is appealable, the appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment. 9 *Moore's Federal Practice,* 755 (2d ed. 1975).

---

1. This reference to Credit is obviously an error since that corporation was not involved in the jury trial, having received summary judgment in its favor five months before the jury trial began. Moreover, the judgment n. o. v. was entered only in favor of Chrysler, the remaining defendants having received jury verdicts in their favor.

But in any case, the notice of appeal must conform to the requirement of Rule 3(c), F.R.App.P., that it "shall designate the judgment, order or part thereof appealed from." When an appeal is taken from a specified judgment only or from a part of a specified judgment, the court of appeals acquires thereby no jurisdiction to review other judgments or portions thereof not so specified or otherwise fairly to be inferred from the notice as intended to be presented for review on the appeal. *Spound v. Mohasco Industries, Inc.*, 534 F.2d 404, 410 (1st Cir.), *cert. denied*, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976); *Bach v. Coughlin*, 508 F.2d 303, 306–307 (7th Cir. 1974); *Donovan v. Esso Shipping Company*, 259 F.2d 65 (3d Cir. 1958), *cert. denied*, 359 U.S. 907, 79 S.Ct. 583, 3 L.Ed.2d 572 (1959); *Carter v. Powell*, 104 F.2d 428 (5th Cir.), *cert. denied*, 308 U.S. 611, 60 S.Ct. 173, 84 L.Ed. 511 (1939). It is true that if from the notice of appeal itself and the subsequent proceedings on appeal it appears that the appeal was intended to have been taken from an unspecified judgment order or part thereof, the notice may be construed as bringing up the unspecified order for review. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Such a construction would be particularly appropriate where the order specified is a discretionary order directly relating back to the judgment or order sought to be reviewed. Thus specifying an order denying a motion to amend a prior order has been held to include the prior order. *United States v. Certain Land in the City of Paterson, N. J.*, 322 F.2d 866, 869 (3d Cir. 1963); specifying an order denying leave to file an amended complaint has been held to bring up for review the prior order dismissing the complaint for failure to state a cause of action, *Vigil v. United States*, 430 F.2d 1357 (10th Cir. 1970); and listing the portion of a judgment granting an injunction has been held to be merely descriptive of the judgment and to evidence an intent to bring up the whole judgment for review, *Wade v. Mississippi Cooperative Extension Service*, 528 F.2d 508, 511 n.3 (5th Cir. 1976).

Turning to the case before us, we observe that the judgment in favor of Financial and Credit, which Elfman now seeks to bring up for review on this appeal, is nowhere referred to, directly or indirectly, in the notice of appeal. That judgment was not a step in the procedural progression leading to the final judgment in the case, which was entered in favor of Chrysler. On the contrary, it involved the final determination of Elfman's claim against two other parties, Financial and Credit, who thereupon dropped out of the case and were in no way involved in the final judgment entered on August 9, 1977 in favor of the last remaining defendant, Chrysler. Moreover, Financial and Credit were not even listed as defendants in the case in the notice of appeal, and copies of that notice, which were served by counsel for the appellant on the other defendants, were not served on them. Under these circumstances, it is impossible to construe the notice of appeal as inartificially or inferentially including the summary judgment entered on September 20, 1976 in favor of Financial and Credit. But this we would have to do to acquire jurisdiction to review that order. We are led inescapably to the conclusion that the appellant at the time it filed its notice of appeal did not intend to seek review of the summary judgment which it now, out of time, seeks to have us review.

An order will be entered dismissing the appeal as to Chrysler Financial Corporation and Chrysler Credit Corporation.