**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-3104

CLAY CALDWELL,
                                        Appellant
v.

SUPERINTENDENT LOUIS FOLINO;
LIEUTENANT M. A. PRICE;
SGT. GAGNON;
C.O. J. MILLER;
C.O. LUKACHYK; C.O. TOPKA;
C.O. SOKOL; JEFFARY A. BEARD,
Secretary of Corrections;
LT. NORMAN

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 08-cv-00122)
Magistrate Judge: Honorable Amy Reynolds Hay

Submitted Under Third Circuit LAR 34.1(a)
September 17, 2010

Before: SLOVITER, BARRY and SMITH, <u>Circuit Judges</u>

(Opinion Filed: September 17, 2010)

OPINION

BARRY, <u>Circuit Judge</u>.

Clay Caldwell, a Pennsylvania prisoner, appeals from the dismissal of his civil rights complaint. We will remand for further proceedings.

## I. Background

On February 19, 2008, Caldwell filed a *pro se* civil rights complaint against seven corrections officers from SCI-Greene, the prison superintendent, and the Pennsylvania Secretary of Corrections. He alleged that, *inter alia*, his constitutional rights were violated when he was touched in a sexual manner during pat-down searches; false disciplinary charges were filed against him; his personal property was wrongfully destroyed; he was handcuffed too tightly; and he was required to obtain a permit for his Native American religious items and corrections officers mishandled these items and made derogatory remarks about his religion.

The Magistrate Judge, presiding with the parties' consent, dismissed the complaint in an order entered on July 1, 2009. With respect to Caldwell's Eighth Amendment claim relating to sexual harassment during pat-down searches, she concluded, *sua sponte*, that Caldwell had not exhausted this claim through the prison's grievance procedures, and dismissed the remainder of the claims for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Caldwell filed a motion for appointment of counsel and motion for leave to file an amended complaint, both of which were denied in an order dated July 8, 2009. The order stated that the motions "are dismissed as moot inasmuch as the case was dismissed and marked closed by the Clerk of Court on July 1, 2009." (JA at 33.) On July 17, 2009, Caldwell filed a timely notice of appeal "from the Order entered in this matter on the 8th

day of July 2009" and attached a copy of the July 8th order denying his motions for counsel and for leave to file an amended complaint. (*Id.* at 1-4.) Caldwell never filed a notice of appeal specifying the July 1st order in which the Magistrate Judge dismissed his complaint.

We appointed *pro bono* counsel for Caldwell, who argues on appeal that: (1) the Magistrate Judge improperly dismissed his Eighth Amendment claim based on her *sua sponte* finding of lack of exhaustion; and (2) the Magistrate Judge erred by failing to address his Equal Protection claim relating to religious discrimination.

## II. Discussion

### A. Notice of Appeal

We first address whether we have jurisdiction to consider the two issues Caldwell presses on appeal. Neither of these issues was addressed in the July 8th order, which is the only order specified in Caldwell's notice of appeal.[1] Federal Rule of Appellate Procedure 3 requires appellants to "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). Although Rule 3 contains non-waivable jurisdictional requirements, we construe it liberally. *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 237 (3d Cir. 2005); *see also Foman v. Davis*, 371 U.S. 178, 181-82 (1962) (rejecting the notion that "decisions on the merits [may] be avoided on the basis of . . . mere technicalities"). We may exercise appellate jurisdiction if we conclude that the

---

[1] Caldwell's notice of appeal was timely as to both the July 1st and July 8th orders.

appellant filed the "'functional equivalent' of a proper notice." *Benn*, 426 F.3d at 237 (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316-17 (1988)). "[W]e can exercise jurisdiction over orders not specified in the Notice of Appeal if: (1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues." *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 184 (3d Cir. 2010) (internal quotation marks and citation omitted).

Caldwell argues that these requirements are satisfied here. His intention to appeal the July 1st order has been apparent from the outset, and appellees do not contend that they have been prejudiced by the deficient notice of appeal or denied a fair opportunity to respond to the issues on the merits. The primary issue is whether the July 1st and July 8th orders are sufficiently connected so that we may exercise jurisdiction over the issues relating to the July 1st order. "When an appeal is taken from a specified judgment only . . . the court of appeals acquires thereby no jurisdiction to review other judgments or portions thereof not so specified *or otherwise fairly to be inferred* from the notice as intended to be presented for review on the appeal." *Elfman Motors, Inc. v. Chrysler Corp.*, 567 F.2d 1252, 1254 (3d Cir. 1977) (per curiam) (emphasis added). In *Elfman*, we specifically noted that an appeal from an order denying leave to file an amended complaint "has been held to bring up for review the prior order dismissing the complaint for failure to state a cause of action." *Id.* (citing *Vigil v. United States*, 430 F.2d 1357 (10th Cir. 1970)). In *Lusardi v. Xerox Corp.*, 975 F.2d 964, 972 (3d Cir. 1992), we

explained that "[w]here a connection between the unspecified and specified orders has been found, the link has been clear and direct" as, for example, where "the specified order . . . was predicated upon the unspecified order."

Here, the July 8th order specifically references the July 1st order (which was in fact the basis – mootness – of the denial of Caldwell's motions) and clearly part of the same line of proceedings, involving the same parties, and the same subject of litigation. Moreover, Caldwell's notice of appeal was filed *pro se*, and "we have traditionally given *pro se* litigants greater leeway where they have not followed the technical rules of pleading and procedure." *Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d Cir. 1993). Accordingly, we conclude that we have jurisdiction to review Caldwell's claims.[2]

## B.  Eighth Amendment Claim

The Magistrate Judge concluded, *sua sponte*, that Caldwell admitted he had not exhausted, through the prison's grievance procedures, his Eighth Amendment claim that he had been sexually harassed and inappropriately touched during pat-down searches. Appellees concede that this was error.

In his complaint, Caldwell stated: "Now mind you I have a grievance in the central office of appeals in on C.O. Sokol because of his harassment of a sexual nature."  (JA at 47.)  Later in the form complaint, however, Caldwell checked the box indicating that he

---

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the Magistrate Judge's order dismissing Caldwell's complaint is plenary.  *Grier v. Klem*, 591 F.3d 672, 676 (3d Cir. 2010).

had pursued his complaint through the grievance procedure and that his grievance had been denied. (*Id.* at 57.) He also attached documents to the complaint that indicated that his grievance relating to the alleged sexual harassment was dismissed for failure to provide required documentation. (*Id.* at 80.)

The exhaustion requirement in the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), is an affirmative defense that must be pleaded and proven by the defendant(s). *Jones v. Bock*, 549 U.S. 199, 211-12 (2007); *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). As a general matter, *sua sponte* dismissal based on failure to exhaust "is inappropriate unless the basis is apparent from the face of the complaint." *Ray*, 285 F.3d at 297. Here, given the conflicting information as to whether the grievance is still pending, it was not facially apparent from Caldwell's complaint that he had failed to exhaust his claim. Therefore, the Magistrate Judge erred by *sua sponte* dismissing the Eighth Amendment claim on this basis.[3]

## C. Equal Protection Claim

Caldwell alleged in his complaint:

And for the religious discrimination by Sgt. Gagnon and C.O. Lukachyk, where I'm told I have to have a permit in order to have my medicine bag and prayer feather in my cell. The [Department of Corrections] does not

---

[3] Although appellees concede this point, they contend, for the first time, that we should affirm because it is apparent from the complaint's exhibits that Caldwell procedurally defaulted this claim by not providing the required documentation during the grievance process. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion or claims are procedurally defaulted). We decline to address this argument in the first instance on appeal.

tell the Christian and the Muslim communities this for their prayer rugs, [unintelligible], rossory [sic] beads, crosses, Star of David so on.  But as an American Indian I need a permit for my scared [sic] items, of my way of life + beliefs.  This is religious + belief discrimination . . . .

(JA at 56.)  The Magistrate Judge's decision dismissing the complaint did not address this claim, and so we will remand, as appellees concede we must, for further proceedings.

### III.  Conclusion

For the reasons set forth above, we will vacate the Magistrate Judge's July 1st and July 8th orders only insofar as they address the two issues before us, and remand for further proceedings consistent with this opinion.