**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2827
_____

DAVID PEPE WILSON,
                                        Appellant

v.

SHARON M. BURKS, Unit Manager;
MARK A. KRYSEVIG, Superintendent of SCI Cresson;
KRISTEN P. REISINGER, Chief Grievance Officer, Department of Corrections
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 07-CV-00293)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 5, 2011
Before:  SCIRICA, SMITH and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 14, 2011)

_____

OPINION
_____

PER CURIAM

David Pepe Wilson, an inmate at SCI-Cresson, filed a civil rights complaint in the

United States District Court for the Western District of Pennsylvania.  The District Court

dismissed certain defendants, and later granted summary judgment in favor of the one

1

remaining defendant. Wilson then filed a post-decision motion, which the District Court denied. Wilson filed a notice of appeal. After Wilson filed his opening brief, Appellees filed a motion to dismiss the appeal. The motion and Wilson's response were referred to this panel, and the Appellees were directed to file a brief. After having considered the motions and briefs, we find that we have jurisdiction to consider the issues Wilson raises on appeal, and we will remand the case for further proceedings in the District Court.

I.

Wilson is serving a sentence of fifty-five (55) to 110 years in prison at S.C.I. Cresson. He filed a complaint pursuant to 42 U.S.C. § 1983, alleging that he was exposed to second-hand smoke, or environmental tobacco smoke ("ETS"), from inmates in his block in violation of his Eighth Amendment rights. He asserted that he could not identify the inmates who are smoking in his block because he cannot see other inmates from his cell. In the past, he had reported smoking by his cell-mate, which the officers did nothing about. Wilson noted that he had received radiation treatment at prison for problems with his thyroid gland, and that his doctors had advised him to avoid exposure to ETS. He claimed that the defendants have been deliberately indifferent to his health needs and that his grievance requests for a transfer to SCI-Chester, a facility where all smoking is banned (and cigarettes are not sold at the commissary), had been either ignored or denied.

On the defendants' motion, the District Court dismissed the Complaint as to defendants Krysevig and Reisinger because Wilson failed to show their personal

2

involvement.[1]  Defendant Burks filed a motion for summary judgment, claiming that Wilson could not establish deliberate indifference on her part because she fully investigated Wilson's grievance and ensured him that any inmates violating the smoking ban on his block would be disciplined.  The District Court directed the parties to provide evidence quantifying the amount of ETS to which Wilson is exposed and the level of exposure that would pose a quantifiable risk to Wilson's health given his thyroid condition.

Upon consideration of all of the parties' submissions, the Magistrate Judge issued a Report recommending that summary judgment be granted in favor of Burks.  Wilson filed objections.  On April 15, 2009, the District Court overruled Wilson's timely objections, adopted the Magistrate Judge's Report, and entered judgment for defendant Burks.  On April 24, 2009, Wilson filed a motion titled "Motion to Alter or Amend Judgment, Under Federal Rules of Civil Procedure Rule 59(e)," which the District Court denied.  This appeal followed.

## II.

Appellees have filed a motion to dismiss/quash the appeal.  Appellees argue as follows:  (1) Wilson's notice of appeal mentions only the June 1, 2009 order denying his post-decision motion; (2) that order construed Wilson's motion to alter or amend judgment as a motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure; (3) an appeal from an order denying a Rule 60(b) motion does not bring up

---

[1] Wilson's brief does not raise any challenge to this order; we thus do not address it.  F.D.I.C. v. Deglau, 207 F.3d 153, 169-70 (3d Cir. 2000).

the underlying judgment for review; but (4) Wilson's brief only challenges the underlying (April 15, 2009) order. Appellees argue that this Court thus lacks jurisdiction to consider the only issues that are raised. Wilson filed a response in opposition to dismissal.

Appellees' argument in support of dismissing the appeal rests primarily on the District Court's characterization of Wilson's motion as a Rule 60(b) motion. Appellees properly cite Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 263 n.7 (1978), for the proposition that the appeal of the denial of a Rule 60(b) motion does not bring up the underlying judgment for review. However, we find that the District Court mischaracterized the motion.

As noted above, Wilson's motion was titled, "Motion to Alter or Amend Judgment, Under Federal Rules of Civil Procedure Rule 59(e)." We recognize that the title of the motion is not dispositive. "[T]he function of the motion, and not the caption, dictates which Rule is applicable." United States v. Fiorelli, 337 F.3d 282, 287-88 (3d Cir. 2003). The District Court order noted that Wilson's motion quoted Rule 60's language regarding "misrepresentation," and denied the motion "as he fails to demonstrate a misrepresentation that he claims." Dist. Ct. Order, dkt. #59. It is true that Wilson's motion quotes some of Rule 60's language, including language concerning a court's ability to relieve a party from a final judgment because of misrepresentation. But Wilson seems to misunderstand what Rule 60 means by "misrepresentation": he states that the "misrepresentation" involved in the case was the failure to provide him with legal representation. See dkt. #56 ("The misrepresentation, in a indigent person, who knows little or nothing at all . . . [a]nd plaintiff had made repeated efforts to obtain a lawyer on

4

his own, as well as requested this Honorable court to please appoint him legal counsel."). His attached memorandum of law also complains about the District Court's failure to appoint counsel, and its failure to hold his pro se filings to less strict standards. The memorandum of law further disputes the District Court's analysis of the evidence regarding the prevalence of ETS in his cell block. See dkt. #57. We conclude that the motion is best construed as an attempt to relitigate the District Court's purported legal error in failing to appoint counsel, and its purported failure to exercise a relaxed standard in evaluating pro se filings. These issues have nothing to do with "misrepresentation" and were properly raised in a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Cf. Fiorelli, 337 F.3d at 288 (movant's allegation that District Court should have held an evidentiary hearing on his claim is allegation of error of law properly brought in Rule 59(e) motion).

Because Wilson's motion in the District Court was a valid Rule 59(e) motion, we have jurisdiction to consider all the issues Wilson raises on appeal. A timely Rule 59(e) motion tolls the time to appeal from the original judgment. Wilson's Rule 59(e) motion was filed within ten days of the order granting summary judgment,[2] and his notice of appeal was timely filed after the Court denied his motion. Although his notice of appeal mentions only the June 1, 2009 order, we have held that we "can exercise jurisdiction over orders not specified in the Notice of Appeal if: (1) there is a connection between the

_____

[2] At the time in question, the Rule required that a movant file a motion for reconsideration within ten days; the Rule was amended effective December 1, 2009 to change the time for filing a timely motion to alter or amend judgment from 10 days to 28 days.

5

specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues." Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 184 (3d Cir. 2010) (internal quotation and citation omitted).

Wilson's Rule 59(e) motion displays an attempt to relitigate, at least in part, the April 15, 2009 order denying summary judgment. But even if Wilson's intent to appeal the earlier order is not entirely clear from the Rule 59(e) motion, then the intent is at least clear from his "Concise Statement of Matters" attached to his notice of appeal. That statement, quoted below verbatim, clearly challenges the merits of the summary judgment order:

> [T]he U.S. District Court have failed to see that the plaintiff have already proven to this court, that the defendant had already stated, that there are always going to be inmates who tend to break the rules, as well as this facility stating that even with the best of intentions, that the DOC staff cannot prevent inmates from violating institutional policies, of this secondhand smoke, that is unconstitutionally exposing the plaintiff to environmental tobacco smoke, under the Eighth Amendment, Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The Appellees are not prejudiced by our review of the earlier order, as they were at least partially on notice through Wilson's Rule 59(e) motion and his notice of appeal that he intended to challenge the earlier ruling, and they were certainly on notice after reading his opening brief. Elfman Motors, Inc. v. Chrysler Corp., 567 F.2d 1252, 1254 (3d Cir.1977) (per curiam) ("if from the notice of appeal itself and the subsequent proceedings on appeal it appears that the appeal was intended to have been taken from an unspecified judgment order or part thereof, the notice may be construed as bringing up

6

the unspecified order for review"). We thus hold that we have jurisdiction to consider the issues Wilson raises in his brief.

III.

We exercise plenary review over the District Court's order granting summary judgment. See DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c)(2) (2009) (amended December 2010); Reedy v. Evanson, 615 F.3d 197, 210 (3d Cir. 2010).

In order to show an Eighth Amendment "conditions of confinement" violation, a plaintiff must show that the defendants knew of and disregarded an excessive risk to his health. Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. Liability based on exposure to ETS requires proof of: (1) exposure to unreasonably high levels of ETS contrary to contemporary standards of decency; and (2) deliberate indifference by the authorities to the exposure to ETS. Helling v. McKinney, 509 U.S. 25, 35 (1993).

Here, the Magistrate Judge found that there was no evidence that defendant Burks was deliberately indifferent to the risk of Wilson's exposure to ETS. The Magistrate Judge noted that SCI-Cresson has had a non-smoking policy in place since 2000 and that there have been occasional violations of the policy despite the prison's best efforts to stop

7

smoking in unauthorized areas through disciplinary action. Specifically, the Magistrate Judge cited to record evidence that, of the total of 2442 disciplinary citations issued at the prison in 2007 and 2008, only 56 were for smoking. He inferred from the small number of disciplinary actions that the incidence of second-hand smoke resulting from impermissible smoking was rare. While the Magistrate Judge acknowledged the difficulty Wilson had in identifying the particular inmate(s) responsible for smoking in his block (because Wilson could not see or because he feared retaliation), he found that Wilson failed "to identify one instance when one inmate smoked one cigarette, much less one specific incident where defendant Burks failed to enforce the no-smoking policy." Report at 2. The Magistrate Judge specifically noted that the affidavits Wilson submitted failed to provide such evidence.

As for whether the level of Wilson's exposure to ETS was unreasonably high, the Magistrate Judge found inadequate Wilson's general statements that tobacco smoke "lingers in the air" on the block "for hours." Id. at 3. He also noted defendant Burks' inability to locate any accepted scientific literature on what comprised an epidemiologically significant level of second-hand smoke, and discounted the "popular literature" from the American Lung Association (submitted by Wilson) because it failed to make any scientifically verifiable correlation between level of exposure and risk. Id. Although the Magistrate Judge readily acknowledged that the clinically significant level of exposure to second-hand smoke might be lower for Wilson than for other inmates because of his thyroid condition he stated that "general allegations that there is 'some' ETS in prison are always insufficient to create an issue of fact as to the objective element

8

of a Helling v. McKinney claim." Id.

We find, after considering the evidence in the light most favorable to Wilson, that there is a genuine issue of material fact concerning whether Burks was deliberately indifferent to the risk of Wilson's exposure to unreasonably high levels of ETS. The affidavits of Wilson's current and former cell-mates call into question the Magistrate Judge's finding that Wilson failed "to identify one instance when one inmate smoked one cigarette, much less  one specific incident where defendant Burks failed to enforce the no-smoking policy." Report at 2. Both affiants witnessed second-hand smoke "lingering everyday on the block," suggesting that Wilson's exposure to ETS was a pervasive, everyday affair. See Wilson's Response to District Court Order, Dkt. #49, Exhs. A and B at ¶ 3. Moreover, the affidavits raise a factual issue as to whether the small number of disciplinary citations issued for violations of the non-smoking policy meant that exposure to second-hand smoke was occasional (which is what the Magistrate Judge inferred) or whether the smoking ban was just poorly enforced. Here, the affiants support the latter view, attesting that "there isn't any kind of smoking allowed on any of the blocks, here at SCI-Cresson. But that isn't stopping inmates from doing it in here." Id. at ¶ 4. Indeed, in her answer to Wilson's grievance, Burks stated that "[a]lthough D-unit is a no-smoking unit, there are always going to be inmates who tend to break the rules." Dkt. #37, Exhibit 2, at page 32 of 39. Wilson's grievance also alerted Burks to the fact that he had been given radiation treatment, and that he had been told by a doctor that he should not be around people who are smoking. Id. at page 31 of 39.

Of course, we express no opinion on the merits of the claim. We do conclude,

9

however, that Wilson has raised a genuine issue of material fact regarding his Eighth Amendment claim. We will therefore vacate the District Court order and remand for further proceedings. The District Court may wish to appoint counsel on remand.[3]

---

[3] Appellees' motion to dismiss is denied.