**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 15-1330
———————

HELENE ROBINSON,
                                        Appellant

v.

PNC BANK

———————————————————————

On Appeal from the United States District Court
for the District of New Jersey
(D. N.J. No. 2-14-cv-05676)
District Judge:  Honorable Stanley R. Chesler

———————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 20, 2015

Before:  CHAGARES, KRAUSE and GREENBERG, Circuit Judges

(Filed: November 23, 2015)

————

OPINION[*]

————

PER CURIAM

    Helene Robinson appeals, pro se, from the District Court's order denying her

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

application for an Order to Show Cause.  For the reasons that follow, we will affirm.

Because we write primarily for the parties, who are familiar with the facts and procedural history of this case, we set forth as brief a summary as possible here.  As there is an issue regarding the scope of this appeal, we must provide a somewhat detailed recitation of the procedural history of two related civil actions filed by Robinson.  The cause of action underlying the appeal concerns allegations of fraudulent lending practices in connection with Robinson's purchase of an automobile from Linden Volkswagen ("Linden VW") on March 26, 2011.  Linden VW assigned its sales contract with Robinson to PNC Bank ("PNC").  In December 2013, Robinson brought an action against Linden VW and PNC.  See Robinson v. PNC Bank, et al., D.N.J. Civ. No. 13-cv-07818.  In that action, Robinson alleged that Linden VW:  failed to disclose certain financial terms of the Retail Installment Sales Contract ("RISC") she had signed for the purchased vehicle; had not signed the Retail Sales Order; and refused to rescind the contract when requested to do so.  See App. 18.  PNC was presumably named in the action because it was an assignee of the RISC.

Given that the sales contract contained a broad arbitration provision, Linden VW moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), and to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 2 - 16.  In a Memorandum Opinion and Order entered on April 30, 2014, the District Court granted the motion.  The court dismissed the complaint without prejudice as to Linden VW, and compelled the

parties to submit their dispute to arbitration in accordance with their agreement. Robinson and PNC subsequently agreed to dismissal of the action as well, and to arbitration of all claims and disputes between them in the arbitration of Robinson's claims against Linden VW before the Honorable Richard C. Camp, as arbitrator. The District Court entered the Stipulation and Order of Dismissal on June 17, 2014. Under the Dealer Agreement, PNC then tendered its defense to Linden VW, which agreed to indemnify PNC and to represent its interests in the arbitration.

Unhappy with PNC's demand on Linden VW, Robinson complained to Judge Camp that Linden VW's agreement to indemnify and defend PNC created an appearance of impropriety. Judge Camp rejected Robinson's contention that a conflict of interest resulted from PNC tendering its defense to Linden VW, and scheduled arbitration for September 12, 2014. Robinson failed to appear at the arbitration; instead, she submitted a letter to Judge Camp asserting, inter alia, that there was collusion between Judge Camp and Linden VW. See App. 44-45. Although Judge Camp originally dismissed the arbitration because of Robinson's failure to appear, he notified the parties on October 16, 2014, that he was not dismissing the arbitration, and he requested that the parties advise him of their intent to pursue their claims. See App. 122. By letter dated October 30, 2014, PNC advised Judge Camp of its intent to proceed in arbitration with its counterclaim against Robinson for her failure to make payments under the RISC. It does not appear that Robinson responded to Judge Camp; rather, she filed a motion seeking to reopen her civil action and to have Judge Camp removed as arbitrator with arbitration to

3

start anew.

In the meantime, Robinson filed a second action seeking to hold PNC liable for having tendered its arbitration defense to Linden VW. See Robinson v. PNC Bank, D.N.J. Civ. No. 14-cv-05676. Robinson also requested that the two actions be consolidated. PNC sought to have the complaint dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Robinson responded to PNC's filing with, inter alia, a motion to amend her complaint and a motion to have the two actions consolidated. She also filed a motion for an order compelling PNC to appear in open court to show cause why a sanction of official attorney misconduct should not be issued against it for "knowingly and intentionally misrepresenting facts to the court [it] know[s] to be false." See Mot. at 1 (D. Ct. Docket Entry # 15). In an order entered on January 8, 2015, the District Court denied Robinson's application for a show cause order after concluding that she failed to demonstrate, as required by L. Civ. R. 65.1, that her request should proceed in an expedited fashion. Given Robinson's failure to demonstrate that emergency relief was warranted, the court advised her that it would entertain an application made in accordance with motion practice under the local rules. See App. 123. No such motion was filed.

In a Memorandum Opinion and Order entered on January 21, 2015, the District Court granted PNC's motion and dismissed the complaint. The District Court concluded that, although Robinson cited numerous federal statutes, her complaint failed to state an actionable violation of any of them. With respect to Robinson's allegations relating to the arbitration proceedings, the court determined that she failed to state a claim for relief

4

insofar as she had not stated a conflict of interest between any of the parties, nor did she identify any ethical conflict arising out of PNC's exercise of its contractual right to tender its defense to Linden VW.  The court also denied Robinson's motion for leave to amend her complaint on the ground of futility.  In light of the foregoing, the District Court denied the consolidation request – which was filed in both actions – as moot.  In this same order, the District Court addressed Robinson's motion to reopen civil action No. 13-cv-07818 and to replace the arbitrator.   The court noted that Robinson failed to identify any inappropriate conduct or relationship involving Judge Camp, or any facts to support her allegation of "extreme bias, prejudice and unfair practices."  The court further noted that, to the extent Robinson "wishes to challenge any determination made in the arbitration proceedings, such an argument would be appropriate once a motion to confirm or deny the arbitration award is made."  See App. 5-6.

Robinson filed a notice of appeal on January 30, 2015.  In her notice, Robinson referenced only the caption and docket number for civil action No. 14-cv-5676, and only the District Court's order entered on January 8, 2015.[1]  In her Informal Brief, however,

---

[1]  The notice of appeal states in its entirety:

> Notice is hereby given that Helene R. Robinson, Plaintiff pro-se, in the above named case hereby appeal (sic) to the United States Court of Appeal for the Third Circuit from an Application for the Issuance of an Order to Show Cause, Docket Entry 15, Judge Stanley R. Chesler entered in this action on 01-08-15.

App. 15.

Robinson states that she is appealing the District Court's order entered on April 30, 2014, compelling arbitration in No. 13-cv-07818, as well as the order entered by the District Court in No. 14-cv-05676 on January 8, 2015, and the order entered in both actions on January 21, 2015. As relief, Robinson asks the Court to "remand Complaint 13-7818 back to the lower Court for de novo review." See Informal Br. at 21. PNC objects to Robinson's attempt to cast so wide a jurisdictional net with her brief.

"[I]t is well established that we have an independent duty to satisfy ourselves of our appellate jurisdiction regardless of the parties' positions,'" Papotto v. Hartford Life & Accident Ins. Co., 731 F.3d 265, 269 (3d Cir. 2013) (quoting Kreider Dairy Farms, Inc. v. Glickman, 190 F.3d 113, 118 (3d Cir. 1999)), and the scope of our review concerning questions of our own jurisdiction is plenary. United States v. Pelullo, 178 F.3d 196, 200 (3d Cir.1999). We begin our analysis with Robinson's notice of appeal. Federal Rule of Appellate Procedure 3 requires that a valid notice of appeal specify the party taking the appeal, designate the order being appealed, and name the court to which the appeal is taken. See Fed. R. App. P. 3(c)(1)(A)-(C). To be certain, "the Supreme Court has made clear that Rule 3's requirements are to be construed liberally," Witasick v. Minn. Mut. Life Ins. Co., No. 14-1150, 2015 WL 5730009, at *4 (3d Cir. Oct. 1, 2015) (citing Smith v. Barry, 502 U.S. 244, 248 (1992)), and this admonition has "special force where pro se litigants are concerned." Id. at *4 n.6 (citing Powell v. Symons, 680 F.3d 301, 306 n.2 (3d Cir. 2012)). Nonetheless, as we have recently reiterated, "[t]his rule is 'jurisdictional in nature' and '[we] may not waive its jurisdictional requirements, even for

6

good cause.'" Id. at \*4 (quoting <u>Massie v. U.S. Dep't of Hous. & Urban Dev.</u>, 620 F.3d 340, 348 (3d Cir. 2010).

It is clear from her notice that Robinson is the party taking the appeal. Likewise, there is no question that this Court is the destination of her appeal. We do not hesitate, however, to conclude that Robinson's filing woefully fails to provide notice – sufficient or otherwise – of an intent to appeal any order in No. 13-cv-07818. As noted previously, her notice of appeal does not reference the caption, docket number, or any order entered in that action. Robinson's two civil actions have not been consolidated, and she proved herself capable of having a filing docketed in both actions when she sought to have the District Court consider a request in both proceedings. <u>See</u> D. Ct. Docket Entry # 31 in No. 13-cv-07818; D. Ct. Docket Entry # 9 in No. 14-cv-05676. Additionally, Linden VW is not named on the notice nor was its counsel served with a copy of the notice of appeal. Accordingly, we conclude that we do not have jurisdiction to review the District Court's Orders entered in No. 13-cv-07818 on April 30, 2014, and January 21, 2015.[2]

---

[2] We note that we would be without jurisdiction to review these orders in any event. With respect to the District Court's order compelling arbitration, that decision is final within the meaning of FAA, 9 U.S.C. § 16(a)(3), and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291 when a notice of appeal is timely filed. <u>See</u> <u>Green Tree Fin, Corp.-Alabama v. Randolph</u>, 531 U.S. 79, 89 (2000) (holding that an order compelling arbitration and dismissing all other claims is final and immediately appealable); <u>see also</u> <u>Blair v. Scott Specialty Gases</u>, 283 F.3d 595, 602 (3d Cir. 2002) (same even where the order dismissed the case without prejudice). Even assuming *arguendo* that the District Court's order compelling arbitration became final with the entry of the Stipulation of Dismissal in Favor of Arbitration of Claims on June 13, 2014, Robinson's notice of appeal, filed on January 30, 2015, was filed well beyond the mandatory and jurisdictional 30-day period. <u>See</u> Fed. R. App. P. 4(a)(1)(A); <u>Bowles v.</u>

We now turn our attention to the orders entered by the District Court on January 8, 2015 and January 21, 2015 in No. 14-cv-05676.  As noted, Robinson specifically referenced the District Court's January 8th order in her notice of appeal; thus, her notice is valid as to that order.  We reject PNC's contention that we do not have jurisdiction to review that order because it is not final within the meaning of § 1291.  "Under the 'merger rule,' prior interlocutory orders merge with the final judgment in a case, and the interlocutory orders (to the extent that they affect the final judgment) may be reviewed on appeal from the final order."  Koppers Co. v. Aetna Cas. & Sur. Co., 158 F.3d 170, 173 n.2 (3d Cir. 1998) (citing In re Westinghouse Secs. Litig., 90 F.3d 696, 706 (3d Cir. 1996)).  There is no dispute that the January 21st order is a final order as it relates to No. 14-cv-05676.  See Nationwide Ins. Co. of Columbus, Ohio v. Patterson, 953 F.2d 44, 45 (3d Cir. 1991).

With respect to the order denying her Application for an Order to Show Cause why the Court should not issue a sanction of official attorney misconduct, Robinson simply asserts that the District Court "ignor[ed] the import of the Affidavit" she attached to her application.  See Informal Br. at 20.  The District Court, however, specifically

---

Russell, 551 U.S. 205, 214 (2007).  The denial of Robinson's motion to reopen the proceeding and replace the arbitrator, on the other hand, is arguably not a final order within the meaning of § 1291.  As the District Court noted, Robinson may challenge any determination made in the arbitration proceeding – including any inappropriate conduct or unfair practices on the part of the arbitrator – in a motion to confirm or deny the arbitration award once an award is made.  Robinson will then have an opportunity to appeal any adverse decision rendered by the District Court.

noted in its order that it "reviewed the papers filed by [Robinson]" before concluding that she had not demonstrated that her request should proceed in an expedited fashion. See App. 123. Having reviewed the pertinent portion of the record, we cannot conclude that the District Court committed any error in concluding that Robinson failed to demonstrate, as required by L. Civ. R. 65.1, that emergency relief was warranted. If Robinson desired to pursue her claims of attorney misconduct, she was simply required to do so in accordance with the District Court's motion practice under the local rules.

Robinson also seeks to challenge the District Court's decision dismissing her complaint in No. 14-cv-05676 pursuant to Fed. R. Civ. P. 12(b)(6), denying her leave to amend the complaint, and denying her motion to consolidate as moot. However, we cannot reach the merits of these issues as we do not have jurisdiction under 28 U.S.C. § 1331 to review the District Court's order entered on January 21st. As we held some time ago, "[i]f an appeal is taken only from a specified judgment, the court does not acquire jurisdiction to review other judgments not specified or 'fairly inferred' by the Notice." Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 184 (3d Cir. 2010) (citing Elfman Motors, Inc. v. Chrysler Corp., 567 F.2d 1252, 1254 (3d Cir. 1977)). Of course, given the liberal construction we afford notices of appeal, we have also held that "we can exercise jurisdiction over orders not specified in the Notice of Appeal if: '(1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues.'" Id. (quoting Polonski v. Trump Taj Mahal Assocs., 137

9

F.3d 139, 144 (3d Cir. 1998)) (internal citation omitted).

We would be hard-pressed to conclude that these conditions are satisfied here. There is little, if any, connection between the collateral-type order addressing Robinson's application for a show cause order regarding attorney misconduct and the District Court's subsequent order dismissing the action for failure to state a claim. Additionally, the entirety of the text of Robinson's notice of appeal is limited to the January 8th order; thus, her intent to appeal the final order entered on January 21st is not apparent from the face of that document. Moreover, although Robinson references the January 21st decision in her Informal Brief and an appellate court may treat a filing styled as a brief as a notice of appeal, her brief is not a timely filing under Fed. R. App. P. 4. See Smith, 502 U.S. at 248-49. Therefore, even considering the liberal application of Rule 3, we conclude that we do not have jurisdiction to review the District Court's order entered January 21st, as Robinson did not file a proper notice of appeal with respect to this decision.

Given the foregoing, we determine that the scope of the appeal is limited to the order entered January 8, 2015, and will affirm District Court's denial of Robinson's application for an Order to Show Cause.[3]

---

[3] Appellee's motion to file a supplemental appendix is granted.