**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1834
_____

CHECKER CAB OF PHILADELPHIA INC,
t/a 215-GET-A-CAB; AF TAXI, INC.; AG TAXI, INC.;
AGB TRANS, INC.; ATS CAB, INC.; BATYAM CAB COMPANY;
BONT TAXI, INC.: BSP TRANS, INC.; DB TAXICAB CO.; DG CAB, INC.;
DR CAB, INC.; FAD TRANS, INC.; GA CAB, INC.; GD CAB, INC.;
GLOBAL CAB, INC.; GN TRANS, INC.; GOD BLESS AMERICA TRANS,
INC.; GOR TRANS, INC.; GRACE TRANS, INC.; IA TRANS CO., INC.;
IL TRANS, INC.; JANE CAB COMPANY; JAYDAN, INC.; KB TRANS, INC.;
L&M TAXI, INC.; LAN TRANS, CO.; LMB TAXI, INC.; MAF TRANS, INC.;
MDS TRANS, INC.; MG TRANS CO, INC.; MO TAXI, INC.; NOBLE CAB, INC.;
RAV TRANS, INC.; RD CAB, INC.; SAJ TRANS, INC.; SF TAXI, INC.; SOCIETY
TAXI, INC.; SS TAXI CAB, INC.; STEELE TAXI, INC.; TGIF TRANS, INC.; V&S
TAXI, INC.; VAL TRANS, INC.; VB TRANS, INC.; VSM TRANS, INC.,
Appellants

v.

UBER TECHNOLOGIES, INC.; TRAVIS KALANICK; JON FELDMAN;
RASIER, LLC; GEGEN, LLC; GOOGLE VENTURES, LLC; IGOR KHMIL;
LEE RUDAKEWYCH; WILLIAM E. SMITH; SHAHRAIR CHOWDHURY;
JEAN LITARD JEAN-PHILLIPE; FELIPE ISRAEL MUNOZ MORENO;
PHARIDE ERNEST ROUFAI; ISFANDIYOR THOUSANOV; GEORGE
ROBET HOLMES, JR.; JONATHON M. BRANNAN; FELIX A. DELAHOZ;
RAYMOND REYES; VICTOR ABIODUN FAKOLUJO; TIMOTHY JUDELSOHN;
DAVID A. BIEKER; WARQAR Y. GRUMMAN; ZAYE EL BEY

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-14-cv-07265
District Judge: The Honorable Nitza I. Quiñones Alejandro

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 3, 2016

(Filed: March 10, 2016)

_____

OPINION*
_____

SMITH, *Circuit Judge.*

This case comes to us on appeal from the District Court's denial of Checker Cab's[1] motion for a preliminary injunction. Checker Cab alleged that Uber[2] was violating Pennsylvania's unfair competition law and sought an injunction to prevent Uber from operating in Philadelphia until the underlying lawsuit was resolved. The District Court denied this motion because Checker Cab failed to show irreparable harm. We hold that the District Court did not abuse its discretion in so concluding, and therefore will affirm.

**I.**

Checker Cab sued Uber in the United States District Court for the Eastern District of Pennsylvania, alleging (1) violations of Pennsylvania unfair competition laws, (2) false advertising under the Lanham Act, and (3) several violations of the federal Racketeer

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] Plaintiffs consist of 45 taxicab companies and a taxicab dispatch company who provide taxi services in Philadelphia (collectively, "Checker Cab").
[2] Defendants consist of Uber Technologies, Inc., several of Uber's officers, two of Uber's wholly-owned subsidiaries, various investors, and a number of drivers who used Uber Technologies, Inc. to provide transportation services in Philadelphia (collectively, "Uber").

Influenced and Corrupt Organizations Act. As Checker Cab makes clear, "[t]he gravamen of [its] Complaint is that the Uber defendants are operating an illegal gypsy cab operation in the City of Philadelphia in violation of law and regulation." Accordingly, Checker Cab alleges that it is "being harmed daily by [Uber's] illegal gypsy operation" because "Uber is taking away customers from the medallion cabs" and is thus causing "damage to their business, reputation, and goodwill."

Checker Cab then filed a motion for a preliminary injunction against Uber. This motion was based solely on Uber's alleged violation of Pennsylvania unfair competition laws and asserted only one irreparable harm: the loss of customers by medallion cabs resulting from Uber's operations in Philadelphia. This motion was denied by the District Court for failure to show (1) a likelihood of success on the merits and (2) irreparable harm. Checker Cab then filed a motion to vacate and reconsider. This was denied for failure to raise any arguments implicating the "narrowly-prescribed circumstances necessary for reconsideration." Checker Cab then appealed the District Court's order denying its preliminary injunction, but did not appeal the motion to reconsider.

## II. [3]

"We review the District Court's decision to grant or deny a preliminary injunction for abuse of discretion. The district court's findings of fact are reviewed for clear error and its conclusions of law are subject to plenary review." *Ferring Pharm., Inc. v. Watson*

---

[3] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367; we have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1).

3

*Pharm., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (citation omitted). Preliminary injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002) (internal quotation marks and citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The "failure to establish any element . . . renders a preliminary injunction inappropriate." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). The movant bears the burden of showing that these four factors weigh in favor of granting the injunction. *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990).

## III.

We thus turn to Checker Cab's claim that the District Court erred in concluding that Checker Cab failed to allege an irreparable harm. As we held in *Campbell Soup Co. v. ConAgra,* "[t]he law . . . is clear in this Circuit: In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the *only* way of protecting the plaintiff from harm." 977 F.2d 86, 91 (3d Cir. 1992) (internal quotation marks and citations omitted). Additionally, "[t]he 'requisite feared injury or harm must be irreparable—not merely serious or substantial,' and it 'must be of a

4

peculiar nature, so that compensation in money cannot atone for it.'" *Id.* at 91-92 (quoting *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)). Indeed, as we have also recognized, "[t]his is not an easy burden." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 485 (3d Cir. 2000). Plaintiff must "demonstrate[] a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages." *Id.* at 484-85. Accordingly, it is clear that this Court has "long held that an injury measured in solely monetary terms cannot constitute irreparable harm." *Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 562 F.3d 553, 557 (3d Cir. 2009).

Checker Cab fails to carry this heavy burden. The only harm Checker Cab alleges in its motion for a preliminary injunction is the loss of customers: "irreparable harm can be shown by the fact that Uber is taking away customers from the medallion cabs, a harm that can be shown but not quantified—the definition of irreparable harm." This, however, is a purely economic harm that can be adequately compensated with a monetary award following adjudication on the merits. *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1145 (3d Cir. 1982) ("[W]e have never upheld an injunction where the claimed injury constituted a loss of money, a loss capable of recoupment in a proper action at law.").

Checker Cab raises additional allegations[4] of irreparable harm in its motion to reconsider and on appeal, but these arguments are forfeited. They were not raised in

---

[4] Checker Cab claims that "[w]hile it is true that Defendants are 'stealing' fares from Plaintiffs, the most dire consequence of Defendants' unfair business practices is that certain of the [Plaintiffs] may soon lose their businesses and possibly their homes." While we conclude that this argument is forfeited, we also have doubts about its viability

Checker Cab's motion for a preliminary injunction and there are no grounds for granting a good cause exception.[5] *See Macfarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 269 (3d Cir. 2012) ("[W]e *sua sponte* have the obligation of considering and confining an appellant to the issue which he has chosen to appeal."); *Elfman Motors, Inc. v. Chrysler Corp.,* 567 F.2d 1252, 1254 (3d Cir. 1977) ("When an appeal is taken from a specified judgment only or from a part of a specified judgment, the court of appeals acquires thereby no jurisdiction to review other judgments or portions thereof not so specified or otherwise fairly to be inferred from the notice.").

Accordingly, we conclude that the District Court did not abuse its discretion in denying Checker Cab's motion for a preliminary injunction.[6]

---

for the reasons articulated by the District Court in its denial of Checker Cab's motion for reconsideration.

[5] To the extent that there is any confusion among the parties, we note that the Notice of Appeal only covered the District Court's denial of Checker Cab's preliminary injunction motion and did not cover the subsequent motion to reconsider.

[6] Because Checker Cab's motion fails to allege an irreparable harm, there is no need to reach the second ground on which the District Court dismissed Checker Cab's motion: lack of likely success on the merits. *See Ferring Pharm., Inc. v. Watson Pharm., Inc.,* 765 F.3d 205, 210 (3d Cir. 2014) ("The failure to establish any element . . . renders a preliminary injunction inappropriate."  (internal quotation marks and citations omitted)).